UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT C. WOLSCHLAGER,

    Plaintiff,                             CASE NO. 05-CV-10250-BC

v.                                         DISTRICT JUDGE DAVID M. LAWSON
                                              MAGISTRATE JUDGE CHARLES BINDER

SHAUN WEBBER,
Bad Axe Police Officer,

    Defendant,
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.**      **RECOMMENDATION**

**IT IS RECOMMENDED** that this case be **DISMISSED WITH PREJUDICE** for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2.

**II.**     **REPORT**

Plaintiff originally filed his *pro se* complaint on September 19, 2005. (Dkt. 1.) Plaintiff's application to proceed *in forma pauperis* was granted by U.S. District Judge David M. Lawson, and this case was referred to the undersigned Magistrate Judge for initial review and general case management on September 30, 2005. (Dkt. 4.) After initial review, on November 18, 2005, I issued an order striking Plaintiff's complaint, as it had not been signed as required by Rule 11 of the Federal Rules of Civil Procedure. (Dkt. 7.) In that same order, Plaintiff was given until December 2, 2005, to submit a properly signed complaint and was notified that "[f]ailure to submit a proper document by that date will result in the issuance of a report and recommendation that this

case be dismissed for want of prosecution." (*Id.*)  As of this date, no complaint in proper form has been filed by the Plaintiff.

"Even a *pro se* litigant, whether a plaintiff or defendant, is required to follow the law." *Williams v. Sears, Roebuck and Co.*, 143 F. Supp. 2d 941, 947 (W.D. Tenn. 2001).  As the U.S. Supreme Court stated in *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993), "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id*. at 113.

Rule 41(b) of the Federal Rules of Civil Procedure states:

> **(b) Involuntary Dismissal: Effect Thereof.**  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The Local Rules of this court provide the following:

> Subject to Fed. R. Civ. P. 23(e) and LR 81.8, when it appears that the court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown.  An application for a continuance or pending discovery may not preclude a dismissal for failure to prosecute.

E.D. Mich. LR 41.2.

A dismissal for want of prosecution is proper if, in view of the entire procedural history of the case, a litigant has not manifested reasonable diligence in pursuing the cause of action. *Bomate v. Ford Motor Co.*, 761 F.2d 713 (D.C. Cir. 1985).  In that case, the Court of Appeals held that dismissal for lack of prosecution was not an abuse of discretion where the trial court repeatedly warned plaintiff and plaintiff's counsel of the consequences of further delay, and the record

revealed repeated frustration of the pretrial process caused by plaintiff's continuing refusal to cooperate with her own attorneys. The court stated that despite the severity of a dismissal for want of prosecution, a federal district court clearly has the authority to do so when necessary to prevent unfair prejudice and delay. *Id.*; *see also U.S. Inv. & Development Corp. v. Cruz*, 780 F.2d 166 (1st Cir. 1986).

In this circuit, although compliance five days late with a court order does not justify the imposition of dismissal for want of prosecution (*see Patterson v. Grand Blanc Township*, 760 F.2d 686 (6th Cir. 1985)), dismissal of a Title VII action for want of prosecution is not an abuse of discretion where counsel twice failed to appear. *Coston v. Detroit Edison Co.*, 789 F.2d 377 (6th Cir. 1986). Judge LaPlata, of this Court, dismissed a case nineteen months after its filing, finding that plaintiff took no meaningful efforts to prosecute his lawsuit in a diligent manner. *Snavley v. Redman*, 107 F.R.D. 346 (E.D. Mich. 1985). In the process, Judge LaPlata held that neither Rule 41(b) nor the provisions of then Local Rule 20 specifically required a finding that plaintiff was attempting to delay a trial, and that a dismissal under these rules was not precluded by the fact that plaintiff was indigent and incarcerated. *Id.* at 347-48. After finding that plaintiff failed to bring forward his case, that his inaction appeared to be without justification, and that the defendant was prejudiced, the Judge granted a motion to dismiss.

*Pollitt v. General Motors Corp.*, 894 F.2d 858 (6th Cir. 1990) is instructive. There, as here, plaintiff was proceeding *pro se*. Plaintiff appealed the district court adoption of a magistrate's report and recommendation for dismissal without prejudice for want of prosecution. As in this case, the plaintiff was given notice that dismissal was possible. The Sixth Circuit affirmed the dismissal without prejudice, citing both FED. R. CIV. P. 41(b) and earlier Sixth Circuit precedent for the proposition that a district court has the inherent authority to dismiss an action for failure

3

to comply with the court's orders and for want of prosecution. I suggest that a similar result should obtain in this case.

Plaintiff has failed to file a properly signed complaint in violation of the Federal Rules of Civil Procedure, and this Court's order. In the November 18, 2005, order, Plaintiff was warned that his case could be dismissed for failure to comply with this Court's directives and those of the Federal Rules of Civil Procedure. (Dkt. 7.) No properly signed complaint has been filed.

I therefore suggest that Plaintiff is no longer making any meaningful effort to prosecute his lawsuit in a diligent manner as required by this Court's Local Rules and by Rule 41(b) of the Federal Rules of Civil Procedure. In light of Plaintiff's complete failure to bring forward this suit, the continuation of this case prejudices the Defendant. Accordingly, dismissal of this case with prejudice for failure to prosecute is appropriate.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                  s/ *Charles E Binder*  
                                                  CHARLES E. BINDER  
Dated: March 1, 2006                        United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Robert C. Wolschlager and Honorable David M. Lawson.

Dated: March 1, 2006                                 By    s/Mary E. Dobbick  
                                                                Secretary to Magistrate Judge Binder