UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT C. WOLSCHLAGER

        Plaintiff,

v.

        Case Number 05-10250-BC
        Honorable David M. Lawson

SHAUN WEBBER, Bad Axe Police Officer,

        Defendant.

_____ /

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE

Presently before the Court is a report issued by Magistrate Judge Charles E. Binder on March 1, 2006 recommending that this case be dismissed with prejudice for want of prosecution. Although the magistrate judge's report explicitly stated that the parties to this action may object to and seek review of the recommendation within ten days of service of the report, no objections have been filed. The plaintiff's failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Court agrees with the magistrate judge's recommendation that the case be dismissed, but disagrees that the dismissal should be with prejudice. Federal Rule of Civil Procedure 41(b) provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The Local Rules allow this Court to *sua sponte* dismiss case for want of prosecution.

> [W]hen it appears that the court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown. An application for a continuance or pending discovery may not preclude a dismissal for failure to prosecute.

E.D. Mich. LR 41.2. Thus, nothing in those rules mandates dismissal of this action with prejudice. Rule 41(b) appears applicable in situations in which the defendant has made a motion for dismissal, and the Local Rules speak only generally of dismissal.

Further, the general practice in the Sixth Circuit has been to dismiss without prejudice cases for failure to prosecute. *See*, *e.g.*, *Patterson v. Grand Blanc Tp.,* 760 F.2d 686 (6th Cir. 1985) (reasoning that "a dismissal with prejudice may be an abuse of discretion. The sanction is extremely harsh in that it deprives a plaintiff of his day in court"). The Court therefore will adopt in part the magistrate judge's report and recommendation.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED IN PART** and the case is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 27, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 27, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

---